UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JAMELL RUSS,

      Petitioner,

                   9:25-CV-0336
                   (MAD/PJE)

DANIEL F. MARTUSCELLO, N.Y.S. Department of
Corrections,

      Respondent.[1]
_____

APPEARANCES:                 OF COUNSEL:

JAMELL RUSS
Petitioner, pro se
22-B-2075
Coxsackie Correctional Facility
P.O. Box 999
Coxsackie, New York 12051

MAE A. D'AGOSTINO
United States District Judge

# DECISION and ORDER

**I. INTRODUCTION**

    Petitioner pro se Jamell Russ seeks federal habeas relief pursuant to 28 U.S.C. § 2254. Dkt. No. 1, Petition ("Pet."). The statutory filing fee was also remitted. Dkt. Entry for Pet. dated 03/17/25 (identifying receipt information for filing fee transaction).

---

[1] The proper respondent in a habeas action brought pursuant to 28 U.S.C. § 2254 is the superintendent of the facility in which petitioner is incarcerated. *See* Rule 2(a), Rules Governing Section 2254 Cases in the United States District Courts & Advisory Notes. Petitioner has incorrectly named "Daniel Martuscello" as respondent. Instead, the Clerk is respectfully directed to update the docket sheet to reflect the sole respondent, Brooke Blaise, Superintendent of Coxsackie Correctional Facility.

1

However, the petition was signed by "Jamaal Russ on behalf of Jamell Russ." Pet. at 1; *see also* Pet. at 2 (signature block indicating "S/(Jamaal Russ). While the Petition does not clarify the relationship between these two individuals, the Court's independent research identified that Jamaal Russ is petitioner's younger brother. *See Russ v. Chavers,* No. 1:10-CV-1370, 2013 WL 1338819, at * (S.D.N.Y. Mar. 29, 2013) (explaining that "Jamell Russ . . . is about 13 months older than [Jamaal Russ] and looks very much like him.").

## II. PETITION

The petition is, at best, unclear. It fails to identify which state court action is being challenged because petitioner's underlying criminal conviction is not identified. Pet. at 1.[2,3] Further, despite the representation that all possible legal remedies were exhausted, the petition fails to outline the procedural history or present posture of any direct or collateral state court challenges to said conviction.[4]

Petitioner argues that he is entitled to federal habeas relief because (1) "the prosecution's failure to meet the statutory requirements for a speedy trial . . . violat[es] . . . petitioner's constitutional right under the Sixth . . . and Fourteenth Amendment[s];" (2) "false statements and certifications by the prosecution constitute[d] prosecutorial misconduct, undermining the integrity of the judicial process;" and (3) an "unjustified delay in the

---

[2]  Citations to the petition refer to the pagination generated by CM/ECF, the Court's electronic filing system

[3]  The New York State database for finding incarcerated individuals shows that petitioner was initially committed in Sullivan County, in May of 2022, after a conviction for second degree criminal possession of a weapon and third degree criminal possession of a controlled substance. *See* New York State Department of Corrections and Community Supervision Inmate Lookup, https://nysdoccslookup.doccs.ny.gov/ (searching "Russ, Jamell" and Department Identification Number "22B2075") (last accessed March 18, 2025).

[4]  It is unclear whether petitioner is still engaging in his direct appeal given an attached decision from the Appellate Division which indicates that petitioner received an extension, until March 3, 2025, to perfect an appeal. Pet. at 8. More information is required before any federal court could conclude that proper exhaustion had occurred.

petitioner's appeal constitute[d] a further violation of [his] due process rights." Pet. at 2. For a more complete statement of petitioner's claims, reference is made to the petition.

### III.    DISCUSSION

There are several deficiencies with the present petition. However, before the Court can delve into any of these issues, it must first determine whether the petition is properly filed by Jamaal Russ, on petitioner's behalf.

Federal law provides that a habeas corpus petition "shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf." 28 U.S.C. § 2242. "When the motion is brought by a person other than the prisoner, that 'next friend' must demonstrate that he or she has standing to act on the prisoner's behalf." *Nelson v. Thompson*, No. 1:14-CV-3414, 2014 WL 3882322, at *2 (E.D.N.Y. Aug. 7, 2014). The Supreme Court has explained that

> Decisions applying the habeas corpus statute have adhered to at least two firmly rooted prerequisites for "next friend" standing. First, a "next friend" must provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action. . . . Second, the "next friend" must be truly dedicated to the best interests of the person on whose behalf he [or she] seeks to litigate, . . . and it has been further suggested that a "next friend" must have some significant relationship with the real party in interest. . . . The burden is on the "next friend" clearly to establish the propriety of his [or her] status and thereby justify the jurisdiction of the court.

*Whitmore v. Arkansas*, 495 U.S. 149, 163–64 (1990). "The requirement that the 'next friend' act in the prisoner's best interests is critical: because the opportunity to seek habeas corpus

3

relief is limited, the 'next friend,' in aiding the prisoner, may also be exhausting the prisoner's rights." *Nelson*, 2014 WL 3882322, at *2.

Here, Russ fails to demonstrate that petitioner is incapable of asserting his own rights. In fact, Russ has not proffered a single reason why petitioner cannot commence and litigate this action independently as the majority of incarcerated petitioners do.

Given the rigorous standard outlined above and the gravity of the consequences associated with allowing another to assert claims for habeas relief on behalf of an inmate, the Court is not yet satisfied that Russ has standing to continue with the presently pending petition. Accordingly, Russ will be given thirty (30) days within which to submit an affirmation, not to exceed five pages, along with any relevant documentary proof demonstrating why petitioner cannot appear on his own behalf and move forward with this action.

**WHEREFORE**, it is

**ORDERED** that Russ may file an affirmation **within thirty (30) days** of the filing date of this Decision and Order. The affirmation shall establish why petitioner cannot appear on his own behalf to prosecute the action; the relationship between Russ and petitioner; and how Russ is truly dedicated to petitioner's best interests. The affidavit is limited to **five pages**, excluding any attached relevant documentation demonstrating petitioner's inability to represent himself; and it is further

**ORDERED** that if Russ does not file an affirmation within thirty (30) days of the filing date of this Decision and Order, the Court will **dismiss the petition without prejudice for lack of standing**; and it is further

**ORDERED** that upon the filing of any affirmation, the Clerk shall forward the file in this matter to the Court for further review; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order upon Russ and petitioner in accordance with the Court's Local Rules of Practice.

**IT IS SO ORDERED.**

Dated: March 19, 2025
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge